IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BIJU LUKOSE, | § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 4:25-cv-293-JDK-JDL |
| BANK OF AMERICA, N.A., | § § § | |
| Defendant. | § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On March 20, 2025, Plaintiff Biju Lukose, proceeding pro se, filed this lawsuit against Defendant Bank of America, N.A. Docket No. 1. The case was referred to United States Magistrate Judge John D. Love under 28 U.S.C. § 636(b). On June 2, 2025, the Magistrate Judge issued a Report recommending that Plaintiff's federal claims be dismissed with prejudice for failure to state a claim and that Plaintiff's state law claims be dismissed without prejudice for lack of jurisdiction. Docket No. 39. Plaintiff timely filed objections (Docket No. 40), to which Defendant filed a response (Docket No. 42). For the reasons stated below, the Court **OVERRULES** Plaintiff's objections.

**I.**

Where a party timely objects to a Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United*

1

*Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

## II.

As an initial matter, the Court notes that Plaintiff did not object to the Report's recommendation to dismiss Plaintiff's claims under the Dodd-Frank Act, 12 U.S.C. § 5531; Consumer Financial Protection Act, 12 U.S.C. § 5481; Truth in Savings Act, 12 U.S.C. § 4301; and Bank Secrecy Act, 31 U.S.C. § 5311.  Thus, the Court reviews the Magistrate Judge's findings on these claims for clear error or abuse of discretion and reviews the Magistrate Judge's legal conclusions to determine whether they are contrary to law.  *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (holding that, if no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law").

After reviewing the unobjected-to portions of the Report, the Court finds no clear error or abuse of discretion and no conclusions contrary to law.

## III.

Regarding the claim under the Electronic Funds Availability Act ("EFAA"), 12 U.S.C. §§ 4001, *et seq.*, Plaintiff objects that he plausibly alleged an EFAA violation because Defendant "never made funds available for withdrawal or transfer from deposit." Docket No. 40 at 3–4.  But the Magistrate Judge correctly held that account freezes and closures are not EFAA violations.  Docket No. 39 at 8 (citing cases).  And that is all Plaintiff's complaint alleges—holds on his and Mr. Mathews's

accounts pursuant to a court order or an investigation. Further, to the extent Plaintiff's EFAA claim is based upon activity that occurred more than one year before Plaintiff filed suit, it is barred by the statute of limitations and is not saved by the continuing violations doctrine. *See* 12 U.S.C. § 4010(d); *Doe v. United States*, 853 F.3d 792, 802 (5th Cir. 2017) ("Discrete actions, even if serial, are not entitled to the shelter of the continuing violation doctrine." (citation modified)) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002)). Finally, Plaintiff's arguments regarding claimed EFAA violations that were not raised with the Magistrate Judge are waived. *Freeman v. Cnty. of Bexar*, 142 F.3d 848, 851 (5th Cir. 1998) (A party "who objects to the magistrate judge's report waives legal arguments not made in the first instance before the magistrate judge.") (quoting *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994)).

Plaintiff's objection regarding the EFAA claim is overruled.

### IV.

Plaintiff next objects to the Report's dismissal of his state law claims. The Magistrate Judge correctly noted that Plaintiff's complaint asserts only federal question jurisdiction over his federal law claims and supplemental jurisdiction over his state law claims. Docket No. 39 at 10–11. Accordingly, after dismissing Plaintiff's federal law claims, the Magistrate Judge recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

Plaintiff objects that the Magistrate Judge "overlooks diversity jurisdiction" because "Plaintiff (Texas), BOA (North Carolina), and damages over $5 million establish jurisdiction." Docket No. 40 at 6. But, as the Magistrate Judge explained, Plaintiff has the burden to establish subject matter jurisdiction, Plaintiff sought only supplemental jurisdiction over his state law claims, and Plaintiff made no attempt to establish diversity jurisdiction. In fact, both the original complaint and the amended complaint fail to properly allege the citizenship of the parties, and thus Plaintiff has "not satisf[ied] the burden, always on plaintiff, of establishing diversity of citizenship between the plaintiff and all defendants." *Kerney v. Fort Griffin Fandangle Ass'n, Inc.*, 624 F.2d 717, 719 (5th Cir. 1980).

Plaintiff's objection regarding the state law claims is overruled.[1]

## V.

Having conducted a de novo review of the record and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct and that Plaintiff's objections are without merit. Accordingly, the Court **OVERRULES** Plaintiff's objections (Docket No. 40) and **ADOPTS** the Report of the Magistrate Judge (Docket No. 39) as the opinion of the Court. Defendant's motion to dismiss (Docket No. 36) is **GRANTED**. Plaintiff's federal claims are **DISMISSED** with prejudice for failure to state a claim. Plaintiff's state law claims are **DISMISSED** without prejudice.

---

[1] Plaintiff raises additional "errors" to the Magistrate Judge's Report, including that the Report "omitt[ed] key evidence," "misstat[ed] [a] court order date, and "ignor[ed] due process violations," Docket No. 40 at 5. These objections are meritless.

4

All other pending motions are denied as moot. The Clerk is instructed to close the case.

So **ORDERED** and **SIGNED** this **2nd** day of **September, 2025.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE